IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mary D. Pinkney, | ) Civil Action No.: 6:15-cv-2226-BHH |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Carolyn W. Colvin, Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Mary D. Pinkney ("Plaintiff") brought this action pursuant to 42 U.S.C. § 1383(c)(3) to obtain judicial review of a final decision of Defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald, for pretrial handling. On June 11, 2016, the Magistrate Judge issued a Report and Recommendation ("Report" or "R&R") in which he determined that Plaintiff did not show that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. Accordingly, the Magistrate Judge recommended affirming the Commissioner's decision. (ECF No. 21.) Plaintiff filed Objections on June 14, 2016. (ECF No. 22.) For the reasons stated below, the Court adopts the Report and affirms the Commissioner's decision.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part.[1] Plaintiff was 55 years old on her alleged disability onset date. She has a high school education and past relevant work as a machine operator at Beckton Dickinson and Company, where she worked for 35 years. On June 9, 2011, Plaintiff filed an application for DIB benefits alleging a disability since May 8, 2011, due to panic disorder with agoraphobia, major depressive disorder, obsessive-compulsive disorder, and post-traumatic stress disorder ("PTSD"). (Tr. at 17.) A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on January 30, 2014, finding Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on June 2, 2015.

## REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 21 at 29.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate

---

[1] Unless otherwise noted, the following background is drawn from the Report.

2

Judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the Court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th

Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

Plaintiff filed objections to the Report and Recommendation on June 14, 2016. (ECF No. 22.) She objects that the Magistrate Judge erred in finding that the ALJ: (1) properly afforded little weight to the opinions of Plaintiff's treating psychologist healthcare providers and (2) properly gave significant weight to the opinion of consultative examiner, John V. Custer, M.D. ("Dr. Custer").

Very respectfully, these objections are the precise matters raised to the Magistrate Judge and appropriately rejected in his thorough twenty-nine page Report. (*See* ECF Nos. 11 at 9–15; 21 at 18–27.); *see also Hendrix v. Colvin*, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013); *Jackson v. Astrue*, 2011 WL 1883026 (W.D.N.C. May 17, 2011); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

4

Nevertheless, the Court employs *de novo* review to consider Plaintiff's specific objections in turn.[2]

Plaintiff first briefly objects to the Magistrate Judge's recommendation that the ALJ properly supported the weight accorded to the opinions of her "treating psychologists and nurse practitioners who had administered diagnostic testing, provided counseling[,] and prescribed medications over a four year period of time." (ECF No. 22 at 3.) However, she provides no argument as to how the ALJ's decision to afford little weight to these opinions was in error. Rather, she focuses on the ALJ's analysis of Dr. Custer's opinion. (*Id.* at 2.)

Upon review, the Court finds that the ALJ's assessment of the opinions of Nicholas A. Lind, Psy.D. ("Dr. Lind"), nurse practitioner Linda Zaepfel (NP Zaepfel), and Glen Zaepfel, Ph.D. ("Dr. Zaepfel") is supported by substantial evidence. (ECF No. 21 at 19–26.) The ALJ thoroughly considered the evidence in the medical record, including the records maintained by Dr. Lind, NP Zaepfel, and Dr. Zaepfel in their evaluation and treatment of Plaintiff. (R. at 20–25.) She gave "good reasons" for her decision to not give controlling weight to the opinion of Plaintiff's treating psychologist, Dr. Zaepfel. *See* 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion). She noted, *inter alia*, Dr. Zaepfel's general inattention to detail, the ineligibility of his records, and the limited nature of the treatment he provided. (R. at 7–11.) She also noted that he diagnosed Plaintiff with PTSD, a condition that was not diagnosed by ZP

---

[2] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

5

Zaepfel, who "most directly treated [Plaintiff] and prescribed her medications." (R. at 9.)

The ALJ likewise provided a comprehensive review of Dr. Lind's notes before finding his opinion to be unpersuasive. She noted that Dr. Lind "did not identify specific functional limitations in [Plaintiff], . . . nor did he describe limitations that would preclude all work." (R. at 10.) She also noted that the record did not support his opinion that Plaintiff's symptoms suddenly progressed to the point of impairment when Plaintiff had adequately managed her symptoms during her thirty-five year employment. (R. at 10.)

Finally, as to NP Zaepfel, the ALJ correctly noted that she is not a qualified medical source, and her opinion is therefore not entitled to any particular weight. (R. at 10); see SSR 06-03p ("The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case.") The ALJ found that "the extreme functional limitations [NP Zaepfel] suggested are not supported by her own treatment notes for [Plaintiff] nor by any other treating source." (R. at 10.) Accordingly, the ALJ also found NP Zaepfel's opinion to be unpersuasive.

The Court finds no error in the ALJ's assessment of these opinions. Plaintiff's objection is essentially an invitation to the court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within the province of this court. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting

evidence, make credibility determinations, or substitute its judgment for that of the ALJ). This objection is therefore overruled.

Plaintiff next objects to the Magistrate Judge's recommendation that the ALJ properly gave significant weight to the opinion of Dr. Custer. (ECF No. 22 at 2.) Dr. Custer examined Plaintiff on September 10, 2013 at the ALJ's request following the hearing. (R. at 8.) Plaintiff argues that the ALJ's assessment is improper because Dr. Custer did not review any records from Plaintiff's health care providers other than a one-page letter from Dr. Zaepfel. (ECF No. 22 at 2.) Plaintiff also argues that Dr. Custer's opinion that Plaintiff's "'functional status was somewhat better than she professed' cannot be substantiated given the lack of medical records and information available to him at the time of consultation." (*Id.* (quoting R. at 9)) Notably, Plaintiff does not cite any authority to support her assertions.

During Dr. Custer's examination of Plaintiff, she described for him anxiety attacks occurring since May 2011 and the medications she took for these attacks. (R. at 580–581.) Dr. Custer performed a mental status examination, in which he noted, *inter alia*, that Plaintiff had "no pain behaviors. . . . [and] was alert and fully oriented." (R. at 582–583.) He diagnosed Plaintiff with panic disorder with agoraphobia, possible obsessive compulsive disorder, past diagnosis of PTSD, and possible histrionic personality traits. (R. at 583.) He concluded that "From the information that I have available to me, my best professional opinion is that it is likely that her functional status is somewhat better than what she is professing." (R. at 583.)

Dr. Custer later completed medical interrogatories submitted by Plaintiff's counsel, in which he affirmed his opinion. Specifically, when asked if a complete review of Plaintiff's medical records would have had an impact on his opinions, he responded "Maybe, but hard to say without seeing them. I stand by my report." (R. at 240.) He explained, "There are times when a treating provider becomes too sympathetic to a patient and less objective. Often, an objective third party evaluation can provide a truer picture of clinical status." (R. at 240.) When asked whether a person could experience symptomatic anxiety while complying with treatment over an extended period of time, Dr. Custer responded, "If given appropriate treatment, and the person was completely compliant with that treatment, panic disorder is a highly treatable condition, and there should be improvement." (R. at 239.)

In her decision, the ALJ considered both the findings and conclusions of Dr. Custer in his consultative examination of Plaintiff and in his responses to the interrogatories. (R. at 25.) She found Dr. Custer's opinions "to be worthy of significant weight, as they are most consistent with the medical evidence of record as a whole." (R. at 25.) The Court finds the ALJ's reliance on Dr. Custer's opinion to be supported by substantial evidence. As noted by the Magistrate Judge, the record supports Dr. Custer's opinion that Plaintiff's functional status does not preclude all work activity. (ECF No. 21 at 27.) Indeed, the record consistently demonstrates that Plaintiff is able to perform beyond her professed limitations. For example, Plaintiff testified that she does light housekeeping, does laundry once or twice a week, and shops for groceries once a week. (R. at 10.)

She has a license and continues to drive at least a few times each week, driving to stores and the offices of her doctors. (R. at 10.) In sum, the Court finds that the ALJ's assessment of Dr. Custer's opinion is based upon substantial evidence and overrules this objection.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ and Plaintiff's objections to the Report and Recommendation. The Court concurs in the recommendation of the Magistrate Judge that substantial evidence in the record supports the decision of the Commissioner and thus adopts the Report and Recommendation, incorporating it herein by reference to the extent it is consistent with this order. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

July 1, 2016
Greenville, South Carolina